UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MABLE JEAN HARPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-2984 |
| § | |
| MICHAEL J. ASTRUE, § | |
| *Commissioner of Social Security* § | |
| *Administration,* § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for a review of a final decision of the Commissioner of the Social Security Administration. In particular, Plaintiff complains of the denial of her claim for disability insurance benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 423 and 42 U.S.C. § 1382, respectively. Plaintiff and Defendant have filed cross motions for summary judgment.

For the reasons that follow, the Court finds and concludes that Plaintiff's Motion for Summary Judgment, Docket No. 9, should be **DENIED**, and Defendant's Motion for Summary Judgment, Docket No. 10, should be **GRANTED**.

### I.     BACKGROUND

Plaintiff originally filed her application for Social Security benefits in August 2003 under Title XVI of the Social Security Act. At the time of her application, she was 49 and one-half years old, had earned her G.E.D., and had worked consistently as a nurse's aid. In her application, she alleged that she had a number of ailments including

degenerative disc disease, osteoarthritis, hypertension, obesity, and hepatitis C. The application was denied initially and on reconsideration.

At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing and issued an administrative decision denying benefits. Following the familiar five-step sequential evaluation process, at step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 19) At step two, the ALJ found that Plaintiff's hypertension, anemia, obesity, degenerative disc disease, and hepatitis are severe impairments. (R. 19) At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity set forth in the Listing of Impairments. (R. 21) The ALJ further found that Plaintiff's allegations as to her impairments were not supported by objective clinical findings and not credible to the extent claimed. (R. 23) At step four, the ALJ found that Plaintiff has the functional capacity to "lift and carry 25 pounds frequently and 50 pounds occasionally, sit 6 hours of an 8 hour workday, and stand and walk 6 hours of a workday." (R. 23) Accepting the testimony of a vocational expert as credible and persuasive, the ALJ found that Plaintiff therefore retains the functional capacity to perform her past relevant work as a nurse's aid, which the ALJ and the vocational expert classified as medium and semi-skilled. (R. 24) The ALJ ended her inquiry after this step four finding, concluding that Plaintiff is not disabled within the meaning of the Act. (R. 24)[1] The Appeals Council denied Plaintiff's request for review, (R. 7), and Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).

---

[1] Although the step four finding ended her inquiry, the ALJ further noted that, even if Plaintiff were found to be limited to light work, "there would still be a significant number of jobs in the national economy" that Plaintiff could perform. (R. 24) The ALJ emphasized, however, that she was not finding Plaintiff to have this limitation. (R. 24)

## II.  ANALYSIS

### A.  Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

### B.  Standard of Review

Judicial review of an ALJ's denial of disability benefits is limited to determining "whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). "It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Id.* (internal quotation marks

omitted) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973)).

### C. Legal Standard

A disability claimant bears the initial burden of proving that he is disabled. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). A person claiming a disability must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> The Court evaluates a disability claim using a five-step process, as follows:
>
> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Villa*, 895 F.2d at 1022). "A finding that a claimant is not disabled at any point in the five-step process is conclusive and terminates the . . . analysis." *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

### D. Plaintiff's Contentions

Plaintiff makes four different arguments as to why the ALJ's decision should be reversed or, at the least, remanded. First, Plaintiff argues that the ALJ erred in not finding Plaintiff presumptively disabled pursuant to Appendix 1, Subpart P, Regulation No. 4 of the Code of Federal Regulation ("Listing 1.04"). Second, Plaintiff argues that the ALJ's analysis of Plaintiff's residual functional capacity ("RFC") failed to give adequate consideration to all of Plaintiff's impairments and her subjective symptoms of pain and instability. Third, Plaintiff argues that substantial evidence does not exist to support the ALJ's finding that Plaintiff could perform her past relevant work as a nurse's aid. Fourth, Plaintiff argues that the ALJ erred in not entering a finding of disability pursuant to Appendix 2, Subpart P, Regulation No. 4 of the Code of Federal Regulation ("Medical-Vocational Rules") on the theory that Plaintiff can no longer perform past work, and her RFC, age, education, and past work, in combination, make her unable to perform other work. Each of these arguments will be considered in sequence.

### E. The Evidence Before the ALJ

#### 1. The ALJ's Finding That Plaintiff Does Not Meet the Requirements of Listing 1.04

Plaintiff argues that the ALJ erred in finding that the Plaintiff is not presumptively disabled pursuant to Listing 1.04. Specifically, Plaintiff argues that the ALJ should have found that Plaintiff met the requirements and severity of impairment contemplated by Listing 1.04A, or in the alternative, that Plaintiff's impairments are equal in duration and severity to Listing 1.04A. Listing 1.04A requires a claimant with a disorder of the spine, including degenerative disc disease, to show both "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine,

motor loss . . . accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test . . . ." The ALJ found that "there is no evidence of any neurological deficits," and that Plaintiff's "impairment does not approach in severity the requirements of" Listing 1.04. (R. 20)

Although the ALJ's basis for her finding is not articulated with perfect clarity, it is evident upon review of the entire decision that the ALJ properly rested her finding that Plaintiff does not meet the requirements of Listing 1.04 on the reports of four physicians. (R. 20-22) On February 2, 2002, treating physician Dr. Jay Mahadevah found no significant neurological impairments. (R. 201, 204) Treating physician Dr. Loreta Mendoza concurred ten days later. (R. 238) In April 2003, evaluating physician Dr. A. Rashad Cheema found Plaintiff's basic neurological functioning to be "within normal limits," concluding that Plaintiff's "symptoms of disability seem to somewhat exceed her physical findings." (R. 251) Finally, in December 2003, another evaluating physician, Dr. John Norris, reported that Plaintiff lacked evidence of neurological impairment. (R. 269)

To counter these four reports, Plaintiff relies on Dr. Mahadevah's finding of February 1, 2002, that Plaintiff has "numbness and tingling in both lower extremities," (R. 204), Dr. Berkman's July, 2004 diagnosis of back pain with sciatica, (R. 379), and the slight reduction in strength noted without explanation by a treating physician in August, 2004, (R. 301). These pieces of evidence do suggest the possibility of neurological deficit, and it is true that the ALJ did not address these reports directly. However, the Court believes that these reports by themselves do little to counter the substantial evidence upon which the ALJ relied. Only one of the reports cited by Plaintiff, Dr.

Mahadevah's February 1, 2002 report, specifically adverts to neurological impairment. That report was made upon Plaintiff's admission to a hospital. When treating the patient the next day, however, the same physician made no similar finding, explicitly stating that Plaintiff had "[n]o loss of sensation to touch, pinprick, or vibratory sense." (R. 201-02) As noted above, a second physician, Dr. Mendoza, confirmed Dr. Mahadevah's latter impression ten days later, finding that Plaintiff has "[i]ntact pinprick sensation in all four extremities," as well as "good motor strength" and normal reflexes. (R. 238) While more discussion of the contrary evidence would have clarified the ALJ's opinion, she was not required to discuss every piece of evidence in the record; the Court's limited review only requires that substantial evidence exist to support the ALJ's finding.

Plaintiff further argues that the ALJ erred by not obtaining further medical evidence before rendering a decision, citing an alleged discrepancy between the clinical evidence and the opinions of Plaintiff's treating physicians regarding her subjective symptoms. The Court disagrees. No serious discrepancy exists where the only treating physician to find a specific neurological deficit appears to have changed his mind the next day, and where another treating physician's contemporaneous report fails to note any similar deficit.

In light of the four physician reports relied upon by the ALJ, it is inarguable that substantial evidence exists to support a finding that Plaintiff does not suffer from neurological deficits and therefore is not presumptively disabled under Listing 1.04.

    2.  **ALJ's Analysis of Plaintiff's RFC**

Plaintiff argues that the ALJ's analysis of Plaintiff's RFC failed to give adequate consideration to all of Plaintiff's impairments and her subjective symptoms of pain and

instability. The ALJ's opinion, however, discusses each of Plaintiff's impairments in turn and details why the ALJ found the evidence to be insufficient. The opinion dismisses Plaintiff's testimony about her own residual functional capacity as not fully credible only after citing a number of inconsistencies between Plaintiff's testimony, the objective medical evidence in the record, and Plaintiff's own testimony about her activities, such as housework and babysitting. A few of these inconsistencies are particularly relevant to the ALJ's finding. First, despite Plaintiff's complaints about back pain, the medical records consistently show a normal range of motion and gait, no back surgeries, and the ability to lift, carry, and handle objects without difficulty. Second, despite Plaintiff's allegations of anginal pain, the records lack any evidence of a medically determinable heart impairment, even when Plaintiff was admitted to a hospital for chest pain in November, 2001. Third, the ALJ cites Dr. Cheema's report expressing doubt about Plaintiff's credibility, and points out that Plaintiff sat through a fifty minute hearing without obvious difficulty despite her testimony that she can only sit for a few minutes at a time.

Instead of crediting Plaintiff's subjective allegations in full, the ALJ followed the recommendation of the State Agency reviewing physician in finding that Plaintiff is capable of lifting and carrying twenty-five pounds frequently and fifty pounds occasionally, sitting six hours of an eight-hour day, and standing and walking six hours of a workday. Taken together, the objective medical evidence and the inconsistencies between that evidence and Plaintiff's allegations, partially reviewed above, clearly provided the ALJ with substantial evidence to support this finding.

### 3. The ALJ's Finding That Plaintiff Can Perform Her Past Relevant Work

Plaintiff argues that substantial evidence does not exist to support the ALJ's finding that Plaintiff can perform her past relevant work as a nurse's aid. At the hearing, Thomas King, a vocational expert, testified that work as a nurse's aide requires a medium level of exertion and is defined as semi-skilled under the Act. (R. 464) Mr. King further testified that such work could be performed by a person with Plaintiff's RFC, that is, a person who is limited to lifting and carrying twenty-five pounds frequently and fifty pounds occasionally, sitting six hours of an eight-hour day, and standing and walking six hours of a workday. (R. 464) The Court has already found, above, that the ALJ's RFC determination was based on substantial evidence. That determination and the VE's uncontradicted expert testimony together provide substantial evidence to support the ALJ's determination that Plaintiff was capable of performing her past relevant work as a nurse's aid.

### 4. Medical-Vocational Rule 201.14

Plaintiff argues that the ALJ erred by not entering a finding of disability pursuant to Medical-Vocational Rule 201.14 on the theory that Plaintiff can no longer perform past work, and that her RFC, age, education, and past work, in combination, make her unable to perform other work. The Act requires that, when an individual can no longer perform his or her past relevant work, Social Security will consider the individual's RFC, age, education, and past work experience to determine if the individual can do other work. In this case, however, ALJ's determined that Plaintiff retained the ability to perform her past

relevant work, and the Court has found this determination to be based on substantial evidence. Therefore, Plaintiff's appeal to the Medical-Vocational Rules is inapposite.

### III. CONCLUSION

The Court finds that the ALJ's decision was based on a proper application of law and on substantial evidence. Plaintiff's Motion for Summary Judgment, Docket No. 9, is hereby **DENIED**, and Defendant's Motion for Summary Judgment, Docket No. 10, is hereby **GRANTED**

IT IS SO ORDERED.

SIGNED at Houston, Texas on this 17th day of October, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT